UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARVIN GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-CV-338-JRG-MCLC |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, CANDICE WISEMAN, | ) | |
| DUSTIN CHUMBLEY, F/N/U POWELL, and | ) | |
| F/N/U BOONER, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM & ORDER**

Acting pro se, Marvin Green ("Greene" or "Petitioner"), who is confined in a West Tennessee prison, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Middle District of Tennessee. Respondents are the Tennessee Department of Correction ("TDOC"), Candice Wiseman, Dustin Chumbley, and Correctional Officers Powell, and Booner, TDOC employees or officers who allegedly refused to apply good conduct credits to reduce Green's sentence or violated his due process rights during his prison disciplinary or grievance proceedings.

The petition was served upon Respondents, who moved to transfer the case to this Court based on improper venue. The motion was granted and the petition was transferred to this Court. However, the petition will be **DENIED**, and the case **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

According to paperwork attached to the instant petition and other filings Green has submitted to this Court,[1] he was convicted, in 2008, in the Sullivan County Circuit Court for a Schedule II Drug offense, specifically the possession of .5 grams or more of cocaine with the intent to sell or deliver within 1000 feet of a school zone, in violation of Tennessee Code Annotated §§ 39-17-417 and 39-17-432. Green, however, is not challenging that conviction. Instead, he is attacking TDOC's refusal to apply sentencing credits he earned to his sentence expiration date. The Court turns now to the four claims asserted in the petition, though only the first one arguably is cognizable in an application for habeas corpus relief.

In his first claim, Green asserts that he is entitled to receive prisoner sentence reduction credits, in accordance with the dictates of TDOC Policy 505.01. Green acknowledges that, in fact, he received the sentence credits mandated by Policy 505.01, but complains that the credits he received have not affected his sentence expiration date, which remains the same as it was before those credits were awarded. Green seemingly insists that the TDOC policy, if properly applied, would reduce his sentence expiration date. Green states that he exhausted his state remedies with respect to his sentencing-credit claim by filing a grievance, by petitioning for a declaratory order from TDOC, and by being denied the declaratory order [Doc. 1 at 6-8; Doc. 2-1 at -5]. Green would have the Court require those credits to be applied to the expiration date of his sentence.

---

[1] The Court takes judicial notice of the filings in Green's earlier petition for a writ of habeas corpus under § 2254, which is pending before the Court and which contains copies of the state court judgments being challenged therein. *Green v. Holloway*, No. 2:15-cv-24-JRG-MCLC (Doc. 1, Attachments 1-1 and 1-2). Because this petition challenges only the TDOC's refusal to count Green's sentencing credits towards his sentence expiration date and does not attack his actual conviction, this petition is not a duplicate of the prior petition and may be maintained, despite the earlier-filed petition, subject to the pre-filing requirement that all state remedies be exhausted.

2

A prisoner may file a petition for a writ of habeas corpus claiming that he was deprived of good time credits as a result of institutional disciplinary proceedings which violated his right to due process, if he seeks to compel the restoration of those credits. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). Similarly, a habeas corpus action will lie where a prisoner claims that he has been denied sentencing credits he has earned under a state's sentencing reduction programs and requests receipt of those credits. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001). Here, however, Petitioner is not claiming that he was deprived of any sentencing credits to which he was entitled—indeed, he acknowledges that he received those credits. Instead, he insists that those credits were not properly applied to reduce his sentence expiration date, though TDOC policy mandated that result.

However, absent a claimed deprivation of earned sentencing credits, a violation of state sentencing policy in and of itself does not give rise to a cognizable federal claim. *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) (observing that "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable"), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995). Put simply, the mere violation of TDOC procedural regulations is not a constitutionally recognized wrong and does not demonstrate "the constitutional violation that is a prerequisite to habeas relief." *Frazier v. Hesson*, 40 F. Supp. 2d 957, 965 (W.D. Tenn. 1999). And, it is well settled that "[f]ederal judges do not enforce state-created procedures in the name of the Constitution." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1049 (7th Cir. 1995) (quoting *Gordon v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994)).

3

Furthermore, as reflected in a response to one of Green's grievances, a copy of which has been submitted to the Court [Doc. 2-1 at 6], state statute prevents application of sentence reduction credits to reduce the expiration date of a sentence imposed for a drug offense committed in a drug free zone, as was Petitioner's cocaine-based offense. *See* Tenn. Code Ann. § 39-17-432 (c) (providing that "[a]ny sentence reduction credits the defendant may be eligible for or earn shall not operate to permit or allow the release of the defendant prior to full service of the minimum sentence").[2]

But if Green's sentencing-credit assertion is a cognizable federal claim, a state prisoner's petition for a writ of habeas corpus will not be granted unless the petitioner has exhausted his available state court remedies, or there is an absence of available state corrective process, or resort to such process would be useless. 28 U.S.C § 2254(b) (1). A prisoner in the custody of the TDOC whose sentence is final may seek sentence reduction credits from TDOC through the Uniform Administrative Procedures Act, *see* Tenn. Code Ann. § 4-5-101-324; *State v. Mullican*, No. M2000-207-CCA-R3-CD, 2000 WL 1278170, at *1 (Tenn. Crim. App. Sept. 8, 2000) (citing to *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997)); and if dissatisfied with the result, he may seek review of that decision in the Chancery Court of Davidson County. *See* Tenn. Code Ann. § 4-5-322(b)(1).[3]

Here, Green contends that he filed a petition for a declaratory order with TDOC, but he does not state that he pursued review of TDOC's denial of the declaratory order in the

---

[2] Nothing in the record discloses that Petitioner has ever challenged the statute as applied to him as being unconstitutional.

[3] Also, under certain unique circumstances, a state trial court may entertain requests for declaration of proper sentence credits. *See State v. Cavitt*, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at *1 (Tenn. Crim. App. July 13, 2000) (citing *Henry*, 946 S.W.2d at 834).

4

Davidson County Chancery Court. Accordingly, since Petitioner has failed to bear his burden of showing exhaustion of such state remedies as may be available with respect to his first claim, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), he may not pursue the claim, at the present time, in this federal habeas corpus action.

In the second and third claims, Green asserts that he was denied his rights to due process of law and/or equal protection under the law during two separate prison disciplinary proceedings [Doc. 1 at 8-9]. As noted, if as a result of these disciplinary proceedings Green had been deprived of any sentence reduction credits he had earned, which affected the length or duration of his confinement, he might have had a valid habeas corpus claim, subject to the same pre-filing exhaustion requirement which applies to his first claim. *Preiser*, 411 U.S. at 487 (finding that the "traditional scope of habeas corpus" encompasses a claim of unconstitutional deprivation of good-conduct-time credits, where restoration of those credits would result in curtailing the length of actual confinement in prison), *id.* at 477 (requiring exhaustion of such claims). However, according to the TDOC Disciplinary Report Hearing Summaries filed by Petitioner, he received ten days punitive segregation upon being found guilty of the first infraction [Doc. 2-2 at 8] and did not lose any sentence reduction credits or any other type of credits as a result of being found guilty of the second infraction [Doc. 2-3 at 6]. Thus, it does not appear that these two claims are viable § 2254 claims or that, if they are viable, Petitioner has exhausted any state remedies he might have in connection with those claims.

Green's fourth claim requires a bit of background. Petitioner asserts that, on September 22, 2015, he received a memo from the TDOC Deputy Commissioner of Operations denying his appeal of Grievance Number 293462 and stating: "Appealing or seeking review of any decision regarding the awarding of sentence credits is a matter inappropriate to the

5

grievance procedure. Refer to TDOC Policy # 505.1 Sentence Credits for clarification" [Doc. 2-1 at 8]. Apparently perceiving this response as an invitation to pursue another grievance, Petitioner filed a grievance on October 6, 2015, complaining that "TDOC personels [sic]and/or CCA employees violated the procedures of TDOC policy 505.01" and that he should have his credits applied to his sentence expiration date [Doc. 2-4 at 3]. Green claims that his follow-up grievance was rejected also, and he has named Sgt. Booner, Whiteville Correctional Facility Grievance Chairperson, as a respondent, seemingly based on part this officer played in that rejection [Doc. 1, Pet. at 11]. Petitioner would have the Court order Respondent Booner to comply with TDOC Policy No. 501.01 and to be a fair and impartial decision maker.

Complaints about a prison grievance system do not present valid grounds for habeas corpus relief. Federal habeas corpus jurisdiction extends to an application for a writ of habeas corpus on behalf of a person who alleges that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "All circuits to consider this issue have ... found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (listing cases); *see Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (finding an action "completely specious" where prisoner claimed he had been denied due process by virtue of being deprived of grievance forms).

Accordingly, since habeas corpus lies to remedy violations of state prisoners' federal constitutional rights and since Greene has no constitutional right to a grievance system in the first place, much less one that is fair and impartial, *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) (noting that "there is no inherent constitutional right to an effective prison grievance procedure") ; *Webster v. Engle*, 721 F.2d 566, 569 (6th Cir. 1983) ("In order

6

to obtain habeas relief, the defendant must prove a violation of the federal constitution."), his allegations regarding the rejection of his grievance do not pertain to the legality of his detention or custody, and, thus, his claim is not cognizable in this habeas corpus proceeding.

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Green file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling and the Court's assessment of the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

After having reviewed each claim individually and in view of the firm procedural basis upon which is based the dismissal of this petition, reasonable jurors would not debate the correctness of the Court's procedural ruling nor its assessment of the claims. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

**A SEPARATE ORDER OF DISMISSAL WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE